UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROMAN SALAMACA, et al.,          :   **CIVIL NO. 1:09-CV-0678**
                                 :
         Plaintiffs              :   (Judge Conner)
                                 :
    v.                           :   (Magistrate Judge Smyser)
                                 :
JOSEPH MUSSO, et al.,            :
                                 :
         Defendants              :

## AMENDED REPORT AND RECOMMENDATION[1]

This is a 42 U.S.C. § 1983 civil action brought by three plaintiffs, Roman Salamaca ("Salamaca"), Barbara Vandersloot ("Vandersloot") and the N.V. Bar and Grill, against four defendants, Joseph Musso, Officer Hernandez, Officer Steven Buffington and the City of York. Plaintiffs Salamaca and Vandersloot operate a bar (tavern) in York, the N.V. Bar and Grill. They claim that defendant City and City police officers are violating the federally protected rights of the plaintiffs by harassing and intimidating conduct. They bring claims under 42 U.S.C. § 1983. The court has jurisdiction under 28 U.S.C. § 1331.

---

1. The Report and Recommendation issued August 12, 2009 (Doc. 14) has been amended in its final paragraph.

The complaint alleges as follows:

4. The plaintiff Barbara Vandersloot is an adult female who operates the N.V. Bar & Grill in the City of York with an address of 252 Deerfield Road, Camp Hill, Pa 17011.

5. The plaintiff Roman Salamaca is the owner and operator of N.V. Bar & Grill in the City of York with and address of 252 Deerfield Road, Camp Hill, Pa 17011.

6. The Defendants are the City of York, Steven Buffington, Officer Hernandez and Joseph Musso. All are believed to be located at 1 Market Way, West 3rd Floor, York, Pa 17401.

7. On or about August 7, 2006 the plaintiff Barbara Vandersloot called the defendant Joseph Musso to complain, as a citizen, about a number of things.

8. Barbara complained about the City's "point" system where business owners were assessed nuisance points for things that happen in or about their property, often over the misconduct of third persons over whom they had or have no control.

9. Barbara also complained to Mr. Musso about the misbehavior of his City employees who regularly, in her view harassed patrons, employees, and the management and owners of City Businesses.

10. Barbara also told Mr. Musso that, "we pay your salary and your vacation" in reference to Musso's telling Barbara's ex-husband (Darryl) that he (Musso) paid for Darryl's "vacation" in Vietnam. Barbara was upset over what she

considered an insult to her ex-husbands service.

11. Upon hearing Barbara comment using the same words that Musso used against her ex-husband Darryl, Musso hung up on Barbara.

12. Upon information and belief the defendant Musso put in place and otherwise caused Buffington, a defendant here also, and other employees of the City to engage in a series of harassing activities using the police power of the City to pick on the plaintiffs in retaliation for Barbara's heartfelt comments.

13. The plaintiffs have a 1st Amendment right to associate and enjoy the benefits of their license (hotel and bar license) to conduct a free enterprise entity without suffering retaliation from the defendants because Barbara spoke out on matters of concern to all citizens.

14. On or about the last of March but no later than the 1st day of April 2007, the plaintiff Barbara Vandersloot wrote a letter, which she sent to Joseph Musso, strongly criticizing the policies of the City of York, the City itself, and York officials.

15. From that point forward in retaliation for Vandersloot's August 2006 phone call and her April 1, 2007 letter, the defendants carried out a plan to harass and intimidate the plaintiffs. They directed their retaliation against Barbara Vandersloot, Roman Salamaca, and N.V. Bar and Grill.

16. The defendants, particularly Buffington would sit outside in an official vehicle and shine his spotlight over the plaintiff's

3

establishment. His reasons for doing so were to destroy plaintiffs business through offending patrons. He was frequently accompanied by William Wentz the City's nuisance abatement officer.

17. On April 7, 2007 the defendant Buffington accompanied by a City employee named Westover, along with at least a ½ a dozen inspectors, conducted a search of plaintiffs' business.

18. Westover, at Buffington's behest, went over the plaintiff's premises in a harassment mode, nitpicking everything, intending to intimidate the plaintiffs.

19. The defendant Buffington, as on other occasions since, pulled up with lights on, and half a dozen personnel jumped out just milling about, driving patron's away killing business, while creating a public spectacle for no good or proper reason.

20. On a number of occasions since April 7, 2007 the defendant City of York by and through Mr. Buffington has, with as many as 20 law enforcement officers in support, arrived at plaintiffs' business, disrupted operations and caused a disturbance. The officers, with Buffington in charge sit down in plaintiffs' patrons' seats, watch the young women dance, order nothing to drink or eat and behave as above for extended periods of time in an intentional effort to harass and intimidate the plaintiffs' and harm their business.

21. On or about the week of May 12, 2007, the defendant Buffington brought along Officer Hernandez to plaintiffs establishment. He is believed to be a law enforcement official for the City of York.

4

22. As Buffington stood at the Bar along with Hernandez, Hernandez developed a very gruff and intimidating tone towards plaintiff Barbara Vandersloot.

23. Plaintiff Barbara Vandersloot's name is on the liquor license, for N.V. Bar and Grill which was plainly visible and posted, and she is sure she was well known to Hernandez, Buffington, and the other law enforcement officials.

24. Barbara Vandersloot produced a picture ID (A Pennsylvania Drivers license) upon the request of Mr. Buffington i.e. she took it out of her wallet and handed it to him.

25. At this point Hernandez demanded that Barbara, in an extremely tough and dictational tone, "give me your wallet".

26. Barbara responded in an incredulous tone asking "excuse me".

27. In violation of her 4th Amendment rights Hernandez then ordered her to give him her wallet, which he had no right or reason to do so. She objected but complied.

28. At that point Hernandez, intending to humiliate and intimidate Barbara went through her wallet and conducted a through search. Hernandez and Buffington violated plaintiffs' 4th and 14th Amendment rights.

29. Upon information and belief, Defendant Buffington also conspired with and/or attempted to improperly influence agents of the Pennsylvania Liquor Control Board by providing false, misleading and/or exaggerated information to the PLCB in an effort to have

5

>     Liberty Tavern's license suspended and/or
>     revoked.
>
>     30. On this occasion N.V. Bar and Grill was
>     cited again. Further citation after the
>     incident occurred on May 12, 2007 occurred of a
>     harassing and vindictive nature directed at
>     Norman Salamaca.

(Doc. 1, ¶¶ 4-30).

Count One of the plaintiffs' complaint claims that the defendants have violated the First Amendment right of the plaintiffs "to engage in the business of their choosing and to associate with and serve the population of their choosing" and their Fourteenth Amendment right to equal protection of the laws and to substantive due process. Count Two claims that the defendants retaliated against a plaintiff or plaintiffs and violated the plaintiff's or plaintiffs' right to equal protection and to be free from an unlawful search or seizure. Count Three alleges that plaintiff Vandersloot's right to privacy was violated by defendants Hernandez, Buffington and the City of York in that her wallet was searched.

The defendants filed a motion to dismiss the complaint. (Doc. 6). A brief in support of that motion was filed. (Doc.

7). A brief in opposition to that motion was filed by the plaintiffs. (Doc. 12). A reply brief was filed by the defendants. (Doc. 13). The defendants' motion argues that several of the plaintiffs' claims are time barred, that the plaintiffs have not alleged a factual basis showing a plausible entitlement to relief, and that the complaint should be dismissed as to the City because it is not alleged that the plaintiffs' injuries resulted from a City practice, policy or custom. A more specific complaint should be ordered, the defendants assert, if the complaint is not dismissed.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* at 1965. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft,*

8

*supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

>42 U.S.C. §1983 provides, in pertinent part:
>
>Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

9

Statute of Limitations

The defendants argue that some of the claims of the plaintiffs are time barred. The complaint was filed on April 13, 2009. The defendants assert that the plaintiffs knew of at least some of the grounds for some of their claims(s) more than two years before that date.

Actions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued. *Wilson v. Garcia,* 471 U.S. 261 (1985). The Pennsylvania statute of limitations for personal injury actions is two years. 42 Pa.C.S. § 5524(7); *Garvin v. City of Philadelphia,* 354 F.3d 215, 220 (3d Cir. 2003). A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which his action is based. *Sameric Corp. v. City of Philadelphia,* 142 F.3d 582, 599 (3d Cir. 1998). The plaintiffs' complaint asserts "continuing violations from August 6, 2006 to the present."

10

The plaintiffs' First Amendment claims are in part that they were subjected to retaliatory harassment at the tavern on April 7, 2007 after plaintiff Vandersloot had complained on August 7, 2006 and on April 1, 2007 to city officials. The balance of the allegedly wrongful conduct occurred later than April 13, 2007.

The defendants' statute of limitations argument appears to focus upon the communications from plaintiff Vandersloot in August of 2006 and in early April of 2007 as the critical dates for purposes of the statute of limitations application. This is not the correct focus. Rather, the alleged retaliatory acts are the correct events upon which to focus in determining whether any claims are time barred. With the exception of events on April 7, 2007, the retaliatory acts alleged in the complaint are alleged to have occurred within the two years prior to April 13, 2009.

The motion to dismiss based upon the statute of limitations should be granted as to the events of April 7, 2007. The events of April 7, 2007 may not, because of the two-

11

year statute of limitations, be considered by the jury as discrete actionable acts of retaliation or as discrete actionable violations of Fourth Amendment rights of the plaintiffs, but may be considered for other purposes.

Adequacy of Factual Allegations

The defendants argue for dismissal under *Bell Atlantic Corp. v. Twombly, supra,* and *Ashcroft v. Iqbal, supra,* arguing that the complaint fails to satisfy the "short and plain statement" pleading requirement and is not "plausible on its face."

The complaint alleges that officers of the City have entered the tavern of the plaintiffs in numbers up to twenty officers and have occupied seats in the tavern for a period of time, causing disruption and causing a loss of patrons for the plaintiffs. On one occasion, the complaint alleges, defendant Buffington demanded that plaintiff Vandersloot produce her wallet and that then defendant Buffington took the wallet from her and searched it.

12

The complaint contains many conclusory and subjective allegations; however, it contains also relatively specific factual allegations. Assuming for purposes of this motion that the factual allegations are true, the complaint does state a claim that the plaintiffs in their capacities as the owners and the managers of a tavern have been subjected by the defendants to a set of conditions that negatively affect the plaintiffs' business and that followed and might conceivably be found to have been motivated by a letter of complaint sent by the plaintiffs to the City.

Addressing the adequacy of the pleadings in the complaint in the context of the Fourteenth Amendment, First Amendment and Fourth Amendment claims asserted by the plaintiffs, the defendants argue that no claim upon which relief can be granted is stated.

Fourteenth Amendment

In the Fourteenth Amendment argument, the defendants assert that no facts supporting a theory of disparate treatment are stated. All that is argued by the plaintiffs in opposition

13

to the defendants' motion to dismiss the Fourteenth Amendment claim of the plaintiffs is "[p]laintiffs know of no other business owners in York who suffered similar retaliatory discrimination at the time." (Doc. 12, p. 10). This assertion of fact in a brief does not constitute a basis for the court to find that an equal protection claim has been stated. Moreover, the assertion of fact in the brief is not consistent with the complaint. In the complaint it is alleged (¶¶ 8,9) that "business owners" of "City Businesses" were being unfairly penalized for patrons' behavior and that "City employees . . . regularly . . . harassed patrons, employees, and the management and owners of City Businesses."

The Fourteenth Amendment claim should be dismissed.

First Amendment

Retaliation for the exercise of First Amendment rights is a constitutional violation. *Mount Healthy City Board of Education v. Doyle*, 429 U.S. 274 (1977); *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990)("Retaliation for the exercise of constitutionally protected rights is itself a violation of

14

rights secured by the Constitution actionable under section 1983."). The complaint states a First Amendment retaliation claim upon which relief can be granted. It alleges that the plaintiffs as tavern owner and tavern manager are being harassed in retaliation for complaints that they made to City officials. It appears to allege that the earlier complaints involved the same subject (harassment by prolonged and conspicuous presence, affecting business volume) in part as the later alleged retaliatory conduct (harassment by prolonged and conspicuous presence, affecting business volume), and as already noted it appears to allege that the conduct constituting the harassment is at least in part an enforcement practice that is being used in businesses throughout the City. However, a claim of a First Amendment violation, a claim upon which relief can be granted, is stated.

Fourth Amendment

The Fourth Amendment claim of the plaintiff is based upon a search conducted by defendant Hernandez of plaintiff Vandersloot's wallet on an occasion during the week of May 12, 2007. In the tavern, Hernandez said to plaintiff Vandersloot,

15

"in an extremely tough and dictatorial tone, 'give me your wallet.'" He followed this statement with an order to her, the phrasing of which is omitted from the complaint, to which she objected but complied. Defendant Hernandez then searched the contents of her wallet.

The defendants argue that the claim of a search of the plaintiff's wallet in violation of the Fourth Amendment should be dismissed because the plaintiff has not alleged the absence of probable cause for a search and of exigent circumstances to excuse the warrant requirement. The plaintiffs' complaint alleges a search in circumstances where there is not a probable cause basis in the facts as alleged for a search and where there is not a basis in the facts as alleged for a warrantless search. The complaint states a claim upon which relief can be granted of a Fourth Amendment violation in the search of Vandersloot's wallet.

The complaint should not be dismissed as to the plaintiffs' First Amendment retaliation and Fourth Amendment unlawful search claims, but should be dismissed as to the

16

plaintiffs' Fourteenth Amendment equal protection and substantive due process claims.

City of York Motion to Dismiss

The defendant City of York, as a municipal government, is subject to 42 U.S.C. § 1983 liability only if it has a policy, practice or custom that violates a person's constitutional rights, and not on the basis of *respondeat superior*. *Monell v. New York Dep't of Social Servs.,* 436 U.S. 658 (1978); *Beck v. City of Pittsburgh,* 89 F.3d 966, 971 (3d Cir. 1996). The complaint does not allege any policy, custom or practice of the City of York. The plaintiffs argue that two aspects of the pleaded facts "implicate the holding of *Monell*", that plaintiff Vandersloot had written a letter of complaint to York City elected officials and that up to 20 York Police Officers were involved in the harassment of the plaintiffs. In the absence of allegations of a City policy, custom or practice and any allegation of final policy making authority on the part of defendant Musso, the complaint fails to state a 42 U.S.C. § 1983 claim upon which relief can be granted against defendant City of York.

Motion for a More Definite Statement

The defendants ask the court to order the plaintiff to file a more definite statement to permit the court to address issues of qualified immunity, claim preclusion and abstention.

The defendants assert, specifically, that the complaint is deficient in that it does not allege whether any defendants were acting pursuant to arrest warrants or search warrants. They assert that the plaintiffs should be required to attach the letter from plaintiff Vandersloot to defendant Musso to their complaint. They assert that the plaintiffs should be required to identify the "false" and "misleading" information allegedly provided by defendant Buffington to the Liquor Control Board. They assert that the plaintiffs should be required to identify all citations and criminal proceedings and to state the disposition of each.

The complaint's essential claims can be succinctly stated for purposes of a qualified immunity determination. There is not a basis to suppose the plaintiffs to be alleging that the defendants were acting pursuant to warrants, to

18

presume that a letter from a regulated bar owner or manager to a city official concerning city enforcement procedures would not be constitutionally protected speech, or to assume, despite the absence of mention of them in the complaint, there to be criminal convictions of the plaintiffs with *Heck v. Humphrey,* 512 U.S. 477 (1994) implications for purposes of this case. The motion for a more definite statement should be denied.

It is recommended that the defendants' motion to dismiss the complaint be granted as to the events of April 7, 2007 and as to the claim of a Fourteenth Amendment violation. It is recommended that the complaint be dismissed as to defendant City of York. It is recommended that the defendants' motion to dismiss the complaint otherwise be denied. It is recommended that the defendants' motion to dismiss as it asks for a more definite statement be denied, and that the case be remanded to this magistrate judge.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: August 12, 2009.